1 **Dianne Crandell Kerns, Trustee**
**Office of the Chapter 13 Trustee**
2 Mailing Address:
7320 N. La Cholla #154-413
3 Tucson, AZ 85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
4 MAIL@DCKTRUSTEE.COM

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| EUGENE A BERTRAND | Case No. 4:08-bk-16713-JMM |
| MARJORIE BERTRAND, | TRUSTEE'S OBJECTION / EVALUATION RE: PLAN OF REORGANIZATION (DKT #8) |
| Debtor(s), | |

DIANNE C. KERNS, the standing Chapter 13 Trustee, hereby objects to the proposed plan of reorganization and requests that the following matters be resolved by submitting a proposed stipulated order on confirmation (hereinafter "SOC") addressing the matters described below or by setting a hearing on the objection within 30 days of this objection/evaluation.

A. <u>Plan Payments</u>. The plan proposes payments of $200.00 per month, commencing in January, 2009, for a period of 60 months. The debtor has made payments in the total amount of $200.00. The debtors are current on these payments through January, 2009. The Trustee will not stipulate to confirmation unless the plan payments are current.

B. <u>Plan Duration</u>. In the event that other property is submitted to the Trustee by the Debtor(s) it shall be treated as advance plan payments. Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36

1 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C. <u>Proofs of Claims</u>. Prior to submitting a proposed SOC to the Trustee, counsel must review all proofs of claims filed with the court and resolve discrepancies, if any, regardless of whether an objection to confirmation has been filed. This can be done either by obtaining the creditor's stipulation to confirmation or filing an objection to the proof of claim and obtaining a court ruling thereon. To date the Trustee has noted that the following creditors have filed proofs of claims that differ from the treatment proposed in the Chapter 13 Plan: PIMA COUNTY, CHASE HOME FINANCE, IRS, CHASE AUTO FINANCE and COUNTRYWIDE HOME LOANS.

D. <u>Objections to Confirmation</u>. The debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If the debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: PIMA COUNTY.

E. <u>Additional Issues</u>. The Internal Revenue Service has filed a proof of claim indicating that debtor's have failed to file income tax returns for the years 2005 & 2006. The Trustee will seek dismissal of this case if the tax returns are not filed within 30 day pursuant to 11 U.S.C. §1308.

F. <u>Plan Feasibility</u>. Pursuant to the Trustee's calculations, the Chapter 13 Plan is not feasible at this time due to a shortfall in funding in the approximate amount of $ -79,497.04, this is possibly due to PIMA COUNTY, CHASE HOME FINANCE, IRS and CHASE AUTO

1 FINANCE claims as they are not addressed in the plan, as well as, the difference of amounts for the arrears between the plan and the POC for the COUNTRYWIDE HOME LOANS claim. However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

G. <u>Submission of Proposed SOC</u>. If the debtor proposes to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail. The Trustee will not review a proposed SOC if it does not appear on the court's docket.

RESPECTFULLY SUBMITTED this 29th day of January, 2009.

OFFICE OF THE CHAPTER 13 TRUSTEE
7320 N. La Cholla #154-413
Tucson, AZ  85741

By /s/  DCK 011557
Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing filed was with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 1/29/09 to:

EUGENE A BERTRAND
MARJORIE BERTRAND
6555 E CALLE CAVALIER
TUCSON, AZ 85715
Debtor(s)

RONALD RYAN
RONALD RYAN, P.C.
1413 E. HEDRICK DR
TUCSON, AZ 85719-2633
Attorney for Debtor(s)

By: DA