Ronald Ryan
Ronald Ryan PC
Attorney for Debtors
1413 E Hedrick Drive
Tucson AZ 85719
(520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ Bar #018140  Pima Cty #65325

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA, TUCSON DIVISION

| In re:   EUGENE A. BERTRAND<br>         MARJORIE BERTRAND Debtor | Case No.  08-16713-TUC-JMM<br><br>**DEBTOR'S AMENDED CHAPTER 13 PLAN**, dated March 20, 2009<br><br>Chapter 13 |
|---|---|

COMES NOW, EUGENE A. BERTRAND and MARJORIE BERTRAND, Debtor, and files this Debtor's Amended Chapter 13 Plan, dated 03/20/2009. This Chapter 13 case was commenced on 11/19/2008. The Chapter 13 Plan has not yet been confirmed.

**PLAN PAYMENTS:** Debtors are to make their plan payments in the form of a cashier's check or money order made payable to "DIANNE C. KERNS, CHAPTER 13 TRUSTEE" and mailed to DIANNE C. KERNS, CHAPTER 13 TRUSTEE, P. O. BOX 366, MEMPHIS, TN 38101-0366.  The first monthly payment under this plan shall be due 1/3/2009, and again on the same day of each successive month for 60 consecutive months, PURSUANT TO THE ATTACHED PAYMENT SCHEDULE.  Debtors shall write their name and case number on each cashiers check or money order.  In no event will the payment obligation be greater than the total of all plan payments set forth in the Plan Summary, attached hereto as Exhibit B.  In no event will the Plan duration be decreased to below 36 months, exclusive of property recovered by the Trustee, unless

all claims are paid in full, without further order of the Court.

**ORDER OF DISTRIBUTION:** The Trustee shall pay allowed claims, if any, in the following order.

    Trustee
    Debtor's Attorney's Fees
    Property Tax Claims
    Secured Personal Property
    Other Priority Claims

**LEGAL DESCRIPTION OF DEBTOR'S REAL PROPERTY RESIDENCE:**

LOT 28 RESUBDIVISION OF BLOCK 3 DORADO COUNTRY CLUB ESTATES NO 2 BOOK 23 PAGE 82 PIMA COUNTY RECORDER OR AS MORE COMMONLY KNOWN AS 6555 E CALLE CAVALIER TUCSON AZ 85715

**CURE OF RESIDENCE MORTGAGE ARREARS:** Not applicable.

**ADVERSARY PROCEEDINGS TO MODIFY MORTGAGE LIENS AND FOR EXTINGUISHMENT OF JUNIOR LIEN:**

1. ON THE PROPERTY AT 10540 E ESCALANTE TUCSON AZ 85712, THE PROPERTY WAS SOLD PURSUANT TO PRIOR COURT ORDER AND ADVERSARY PROCEEDING THAT WAS FILED WILL BE DISMISSED.

2. ON THE PROPERTY AT 10510 E ESCALANTE TUCSON AZ 85712, AN ADVERSARY PROCEEDING HAS BEEN FILED.

THE PLAN IS TO MODIFY PRIMARY MORTGAGE MANAGED BY COUNTRYWIDE HOME LENDING TO CURRENT VALUE OF PROPERTY THROUGH 10/2034, BUT HAVING A 5 YEAR BALLOON MATURING AT TIME PLAN ENDS. THAT ACTION IS PENDING, EXCEPT THAT THE PARTIAL JUDGMENT TO BE ENTERED SHALL DEEM THE CLAIM TO BE UNSECURED.

A PARTIAL JUDGMENT TO EXTINGUISH SECONDARY LIEN OF JPMORGAN CHASE BANK NA / CHASE HOME FINANCE, LLC HAS BEEN GRANTED AND SHALL BE SUBMITTED.

**SURRENDERED PROPERTY**. Upon confirmation of this Plan or except as

otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral that is herein, or that which will later be, surrendered. Any claim filed by such creditor shall receive no distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor and the Trustee reserve the right to object to any such amended claim.

**VALUATION OF AUTO:** Pursuant to online Kelly Blue Book.

**CURE OF DEFAULT AND ADEQUATE PROTECTION PAYMENTS FOR AUTO LENDER JP MORGAN CHASE BANK CHASE AUTO FINANCE:**

The Court previously held that the possession of the vehicle by by Von Cox was a default of the terms of the Retail Installment Contract. Accordingly, Debtors shall possess 2007 Cadillac Escalade, which shall be paid inside the Plan by Debtors. This shall cure the pre-existing default. See *In re Garcia*, 276 B.R. 627 (Bky. Ariz. 2002). Notwithstanding the estimated average monthly payments shown in Exhibit A, including the estimated months in which such debt shall be paid, said creditor shall receive adequate protection payments in the amount of $290.00 per month, beginning with month three (3) of the Plan.

**TAX RETURNS:** All tax returns through the 2007 tax year have been filed.

**SUBSTANCE OF DEBTORS PLAN:** The content of Debtor's Plan is set forth in Exhibit A, attached hereto.

DATED: March 20, 2009.

        Respectfully submitted,
        /S/ Ronald Ryan
        Ronald Ryan, Debtor's Counsel

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA
## TUCSON DIVISION

IN RE: **EUGENE A. BERTRAND**  CASE NO **08-16713-TUC-JMM**
**MARJORIE BERTRAND**
*Debtor(s)*  CHAPTER **13**

*AMENDED 3/20/2009*
### CHAPTER 13 PLAN

---

**BUDGET INFORMATION**

| | |
|---|---|
| Total Monthly Income | **$5,442.00** |
| Expenses | **$5,583.00** |
| Difference | **($141.00)** |

**ANALYSIS OF PLAN:** Debtor shall submit such portion of future income to the supervision and control of the Trustee as is necessary for the execution of this Plan, as follows:

A. Monthly Payment (if variable, attach payment schedule)  **Variable***

*Variable Payments: months 1-4 $200.00; months 5-60 $1,300.00

B. Duration: **60 months**  Date Payments Start: **1/3/2009**
C. Gross Amount from Debtor (for plan duration)  **$73,600.00**
D. Trustee's Comp. and Expense Fund (10% of C)  **$7,360.00**
E. Net Available to Creditors  **$66,240.00**

**NON-STANDARD PROVISIONS** ☒ are included (see line U); ☐ are not included.

F. **INTERIM DISBURSEMENTS OF PLAN PAYMENTS:**
The Chapter 13 Trustee shall distribute plan payments prior to confirmation of the plan upon separate motion by Debtor with notice and hearing and entry of an Order for Interim Disbursements.

G. **SECURED CLAIMS:** The Debtor proposes to pay the lesser of the value of the collateral securing the claim or the amount of the claim, with interest as set forth below. Unless otherwise indicated below, **Debtor's payments will be distributed pro rata among all secured claims** on a monthly basis.

| Creditor/ Remarks | Total Claim | Collateral Value/ Secured Claim | Int. Rate | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|---|---|---|
| CHASE HOME FINANCE, LLC 2ND RESIDENCE ESCALANTE | $0.00 | $0.00 | 0% | Pro-Rata | None | $0.00 |
| CHASE MANHATTAN VON COX SR PAYS CADILLAC | $27,500.00 | $29,000.00 | 5.5% | Pro-Rata | 20-48 | $32,073.92 |
| PIMA COUNTY ASSESSOR 2ND RESIDENCE ESCALANTE | $12,361.93 | $0.00 | 16% | Pro-Rata | 7-20 | $14,816.14 |

G.1  **Total Secured Claims:** **$46,890.06**

G.2 **LIEN RELEASE:** The holder of each secured claim shall retain the lien on the collateral securing its claim; and once a secured creditor (other than a creditor paid directly pursuant to this plan under 11 U.S.C. § 1322(b)(2) & (b)(5)), has received payments which satisfy the creditor's allowed secured claim, the creditor shall release the lien(s) securing its claim, except to the extent the Internal Revenue Code or the Bankruptcy Code operate to provide otherwise.

H. **PRIORITY CLAIMS:** All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, except to the extent the holder of such claim agrees to a different treatment, as specified below. **Debtor's payments will be distributed pro rata among all priority unsecured claims** on a monthly basis, unless otherwise provided as specified below.

| Creditor/ Remarks | Type of Priority | Priority Amount | Monthly Pymt (If not pro rata) | 1st/Last Pymt (Anticipated) | Total |
|---|---|---|---|---|---|
| RONALD RYAN PC | Attorney Fees | $4,140.00 | Pro-Rata | 1-7 | $4,140.00 |

| IN RE: | **EUGENE A. BERTRAND** | CASE NO | **08-16713-TUC-JMM** |
|---|---|---|---|
| | **MARJORIE BERTRAND** | | |
| | *Debtor(s)* | CHAPTER | **13** |

**AMENDED 3/20/2009**
## CHAPTER 13 PLAN
*Continuation Sheet # 1*

---

**H.1**      **Total Priority Claims:**    **$4,140.00**

**H.2**   Debtor shall file all tax returns as they become due and pay all governmental unit taxes arising post petition as they become due.

**I.**   **GENERAL UNSECURED CLAIMS SEPARATELY CLASSIFIED:** To the extent this plan classifies claims, the same treatment is provided for each claim within a particular class. The following unsecured claims are classified separately and shall be treated differently from other general unsecured claims and paid by the Trustee as specified below.

| Creditor/ Remarks | Nature of Debt (Criminal Restitution, Etc.) | 1st/Last Pymt (Anticipated) | Anticipated Total |
|---|---|---|---|
| *(None)* | | | |

**I.1**      Total unsecured claims separately treated, if any:    **$0.00**

**J.**   Amount available for general unsecured claims (Line E) - (Lines G.1 + H.1 + I.1)    **$15,209.94**

**K.**   Anticipated total general unsecured claims (excluding separately treated claims)    **$264,935.11**

**L.**   Anticipated minimum percentage payment for other general unsecured claims (excluding separately treated claims)    **6%**

Note: The percentage shown is for the purposes of estimation only. It is based upon the amount of debt listed by the debtor in the schedules filed with the Court. If actual allowed claims are different than those scheduled by the debtor, the percentage paid to unsecured creditors may change.

**M.**   The timely filed allowed general unsecured claims will be paid on a pro rata basis after the above listed creditors are paid (Lines G, H, I). The late filed allowed general unsecured claims will be paid on a pro rata basis after all timely filed allowed general unsecured claims are paid in full. General unsecured claims which are not filed shall not receive distribution from the Trustee.

**N.**   These claims shall be paid by Debtor directly to the creditor.

| Creditor | Nature of Debt | Type of Claim (Secured, Priority, Unsecured) |
|---|---|---|
| AURORA LOAN SERVICES | Conventional Real Estate Mortgage | Secured |
| COUNTRYWIDE HOME LENDING | Conventional Real Estate Mortgage | Secured |

**O.**   These secured claims and liens are provided for by Debtor surrendering the collateral pursuant to 11 U.S.C. § 1325(a)(5)(C), including setoffs of prepetition tax refunds, cash collateral, and any creditor's exercise of reclamation rights.

| Creditor | Type of Lien | Collateral | Value |
|---|---|---|---|
| *(None)* | | | |

**P.**   **INSURANCE:** If required under a security instrument, an assumed executory contract or an assumed lease, debtor shall maintain insurance on all collateral retained under this plan at least to the extent of the amount to be paid to the creditor pursuant to this plan, and if the collateral is a principal residence that is a creditor's sole security, then the insurance maintained must comply with the mortgage and deed of trust.

**Q.**   These **UNEXPIRED LEASES or EXECUTORY CONTRACTS** are assumed, rejected or assigned under 11 U.S.C. §§ 1322(a)(7) and 365.

| Creditor | Property Description | Election: (Assume, Reject, Assign) | In Default (Y or N) |
|---|---|---|---|
| *(None)* | | | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | | |
|---|---|---|
| IN RE: **EUGENE A. BERTRAND** | CASE NO | **08-16713-TUC-JMM** |
| **MARJORIE BERTRAND** | | |
| *Debtor(s)* | CHAPTER | **13** |

***AMENDED 3/20/2009***
## CHAPTER 13 PLAN
*Continuation Sheet # 2*

---

Payments on assumed leases or executory contracts which become due post confirmation shall be paid by debtor directly to the creditor. Allowed claims on rejected leases or executory contracts will be paid on a pro rata basis with other allowed general unsecured claims specified in paragraph M.

**R.** If the Trustee receives a federal or state tax refund or tax credit which the Debtor may become entitled to during the term of the plan, the trustee is authorized to forward such refund to the Debtor or apply such refund to delinquent or future plan payments. Additionally, the Trustee may move to modify the plan to increase the total plan payments by the amount of the refund.

**S.** The unsecured creditors shall receive through the Plan not less than the amount that would be received through a Chapter 7 liquidation in this Case.

| | |
|---|---|
| Total Schedules A and B (Assets) | **$818,954.34** |
| Total Liens or Encumbrances | **$876,870.73** |
| Total Schedule C Exempted Property | **$25,624.49** |
| Total Non-Exempted Property | **$20,829.85** |

**T.** All property of Debtor's Estate shall vest in Debtor ☐ upon Debtor's Plan being confirmed; ☒ upon Debtor receiving a discharge under 11 U.S.C. § 1328 or Debtor's Case being dismissed. The automatic stay shall remain in effect as to all property of the Debtor and Debtor's estate pursuant to 11 U.S.C. § 362(c), except as further ordered by the Court.

**U. NON-STANDARD PROVISIONS**

**MORTGAGE MODIFICATION 10540 E ESCALANTE**
PROPERTY SOLD PURSUANT TO PRIOR COURT ORDER


**MODIFY MORTGAGE 10510 E ESCALANTE**
ON THE PROPERTY AT 10510 E ESCALANTE TUCSON AZ 85712, THE PLAN IS TO MODIFY MORTGAGE HELD BY COUNTRYWIDE HOME LENDING TO CURRENT VALUE OF PROPERTY THROUGH 10/2034, BUT HAVING A 5 YEAR BALLOON MATURING AT TIME PLAN ENDS.


**EXTINGUISH LIEN 10510 E ESCALANTE**
ON THE PROPERTY AT 10510 E ESCALANTE TUCSON AZ 85712 THE PLAN IS TO EXTINGUISH LIEN OF CHASE HOME FINANCE, LLC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

IN RE: **EUGENE A. BERTRAND**     CASE NO    **08-16713-TUC-JMM**
        **MARJORIE BERTRAND**
        *Debtor(s)*     CHAPTER    **13**

*AMENDED 3/20/2009*
## CHAPTER 13 PLAN
*Continuation Sheet # 3*

    I declare under penalty of perjury that this Plan Summary represents the terms of the plan proposed for confirmation by Debtor for treatment of all creditors and distributions by the Chapter 13 Trustee.

**Dated:**   03/20/2009                                              /s/ EUGENE A. BERTRAND
                                                                                   **EUGENE A. BERTRAND**

 /s/ RONALD RYAN                                     /s/ MARJORIE BERTRAND
 **RONALD RYAN**                                              **MARJORIE BERTRAND**
 *Attorney for Debtor(s)*

Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (2009) 378-8309
Case 4:08-bk-16713-JMM    Doc 46    Filed 03/20/09    Entered 03/20/09 18:34:03    Desc
Main Document     Page 7 of 9
EXHIBIT A

| | | |
|---|---|---|
| **PLAN SUMMARY** | Debtor did not receive a discharge in a chapter 7, 11 or 12 case filed during the 4-year period, in a chapter 13 case filed during the 2-year period, preceding the date of the order for relief in this case.<br><br>Debtor's CMI multiplied by 12 does not exceed the median income. | |
| (a) | PRIORITY CLAIMS | XXXXXXXXXXXX |
| | (1) Debtor's attorney's unpaid fees | $4,140.00 |
| | (2) Domestic support obligation | $0.00 |
| | (3) Taxes | $0.00 |
| | (4) Other priority claims | $0.00 |
| (b) | Payments to cure defaults: Property Tax | $14,816.14 |
| (c) | Payments on other secured claims | $32,073.92 |
| (d) | Payments on unsecured, non-priority claims | $15,209.94 |
| (e) | SUBTOTAL | $66,240.00 |
| (f) | Trustee's compensation (10% of Debtor's payments) | $7,360.00 |
| (g) | Post-petition mortgage payments on modified residence mortgage | |
| (h) | Trustee's commission (4%) on modified residence mortgage payments | |
| (i) | TOTAL DEBT & ADMINISTRATIVE EXPENSES (ALL PLAN PAYMENTS) | $73,600.00 |

**RECONCILIATION WITH CHAPTER 7**
(a)  BEST INTEREST OF CREDITORS TEST

| | |
|---|---|
| 1. Value of Debtor's Interest in Nonexempt Property | $20,829.85 |
| 2. Plus: Value of Property Recoverable Under Avoiding Powers | $0.00 |
| 3. Less: Estimated Chapter 7 Administrative Expenses<br>(.25 x $5000) + (.1 x 15,829.85) + ($2787 professional fees and costs) | $5,619.91 |
| 4. Less: Priority Claims | $0.00 |
| 5. **EQUALS:** Estimated amount payable to unsecured, non-priority claims if debtor had filed chapter 7 | $15,209.94 |
| | |
| Section (b) to be completed by a debtor whose CMI x 12 exceeds median income | |
| (b) Section 1325(b) Analysis | |
| (1) Amount of Line 58 of Statement of Current Monthly Income | $0.00 |
| (2) Applicable commitment period | $0.00 |
| (3) Amount required to unsecured creditors (B1 x 60) | $0.00 |
| (c) ESTIMATED DIVIDEND FOR UNSECURED, NONPRIORITY CREDITORS UNDER THE PLAN | $15,209.94 |

IF THERE ARE ANY DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED CONTROL.

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA
# TUCSON DIVISION

IN RE: **EUGENE A. BERTRAND**  
**MARJORIE BERTRAND**  
*Debtor(s)*

CASE NO **08-16713-TUC-JMM**

CHAPTER **13**

## VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 01/03/2009 | $200.00 | 21 | 09/03/2010 | $1,300.00 | 41 | 05/03/2012 | $1,300.00 |
| 2 | 02/03/2009 | $200.00 | 22 | 10/03/2010 | $1,300.00 | 42 | 06/03/2012 | $1,300.00 |
| 3 | 03/03/2009 | $200.00 | 23 | 11/03/2010 | $1,300.00 | 43 | 07/03/2012 | $1,300.00 |
| 4 | 04/03/2009 | $200.00 | 24 | 12/03/2010 | $1,300.00 | 44 | 08/03/2012 | $1,300.00 |
| 5 | 05/03/2009 | $1,300.00 | 25 | 01/03/2011 | $1,300.00 | 45 | 09/03/2012 | $1,300.00 |
| 6 | 06/03/2009 | $1,300.00 | 26 | 02/03/2011 | $1,300.00 | 46 | 10/03/2012 | $1,300.00 |
| 7 | 07/03/2009 | $1,300.00 | 27 | 03/03/2011 | $1,300.00 | 47 | 11/03/2012 | $1,300.00 |
| 8 | 08/03/2009 | $1,300.00 | 28 | 04/03/2011 | $1,300.00 | 48 | 12/03/2012 | $1,300.00 |
| 9 | 09/03/2009 | $1,300.00 | 29 | 05/03/2011 | $1,300.00 | 49 | 01/03/2013 | $1,300.00 |
| 10 | 10/03/2009 | $1,300.00 | 30 | 06/03/2011 | $1,300.00 | 50 | 02/03/2013 | $1,300.00 |
| 11 | 11/03/2009 | $1,300.00 | 31 | 07/03/2011 | $1,300.00 | 51 | 03/03/2013 | $1,300.00 |
| 12 | 12/03/2009 | $1,300.00 | 32 | 08/03/2011 | $1,300.00 | 52 | 04/03/2013 | $1,300.00 |
| 13 | 01/03/2010 | $1,300.00 | 33 | 09/03/2011 | $1,300.00 | 53 | 05/03/2013 | $1,300.00 |
| 14 | 02/03/2010 | $1,300.00 | 34 | 10/03/2011 | $1,300.00 | 54 | 06/03/2013 | $1,300.00 |
| 15 | 03/03/2010 | $1,300.00 | 35 | 11/03/2011 | $1,300.00 | 55 | 07/03/2013 | $1,300.00 |
| 16 | 04/03/2010 | $1,300.00 | 36 | 12/03/2011 | $1,300.00 | 56 | 08/03/2013 | $1,300.00 |
| 17 | 05/03/2010 | $1,300.00 | 37 | 01/03/2012 | $1,300.00 | 57 | 09/03/2013 | $1,300.00 |
| 18 | 06/03/2010 | $1,300.00 | 38 | 02/03/2012 | $1,300.00 | 58 | 10/03/2013 | $1,300.00 |
| 19 | 07/03/2010 | $1,300.00 | 39 | 03/03/2012 | $1,300.00 | 59 | 11/03/2013 | $1,300.00 |
| 20 | 08/03/2010 | $1,300.00 | 40 | 04/03/2012 | $1,300.00 | 60 | 12/03/2013 | $1,300.00 |

EXHIBIT C