**Dianne Crandell Kerns, Trustee**
**Office of the Chapter 13 Trustee**
Mailing Address:
7320 N. La Cholla #154-413
Tucson, AZ  85741
TELEPHONE 520.544.9094
FACSIMILE 520.544.7894
MAIL@DCKTRUSTEE.COM

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| EUGENE A BERTRAND | Case No. 4:08-bk-16713-JMM |
| MARJORIE BERTRAND, | TRUSTEE'S OBJECTION / EVALUATION RE:  AMENDED PLAN OF REORGANIZATION  (DKT 46) |
| Debtors, | |

DIANNE C. KERNS, the standing Chapter 13 Trustee, hereby objects to the proposed plan of reorganization and requests that the following matters be resolved by submitting a proposed stipulated order on confirmation (hereinafter "SOC") addressing the matters described below or by setting a hearing on the objection within 30 days of this objection/evaluation.

**\*\*\*\*\*IF YOU FAIL TO SUBMIT A <u>TIMELY</u> STIPULATED ORDER OF CONFIRMATION THAT ADDRESSES <u>ALL ISSUES RAISED IN THE TRUSTEE'S EVALUATION/OBJECTION</u>, THE TRUSTEE WILL NOTICE A CONFIRMATION HEARING BEFORE THE BANKRUPCY COURT, AT WHICH TIME THE ISSES CAN BE ADDRESSED WITHOUT FURTHER DELAY\*\*\*\*\***

**……**

**Please note that it is the Attorney's responsibility to review all proofs of claim and plan objections filed with the court and resolve any discrepancies between the claims and the Plan prior to submitting a SOC to the Trustee.**

A. <u>Plan Payments</u>. The plan proposes payments of $200.00 for 4 months and $1,300.00 for 56 months, commencing in January 3, 2009, for a period of 60 months. The debtor has made payments in the total amount of $2,100.00. The debtors are current on these payments through June 3, 2009. The Trustee will not stipulate to confirmation unless the plan payments are current.

B. <u>Plan Duration</u>. In the event that other property is submitted to the Trustee by the Debtors it shall be treated as advance plan payments. Any Order Confirming the Plan must include the provisions that in no event will the duration of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

C. <u>Proofs of Claims</u>. Prior to submitting a proposed SOC to the Trustee, counsel must review all proofs of claims filed with the court and resolve discrepancies, if any, regardless of whether an objection to confirmation has been filed. This can be done either by obtaining the creditor's stipulation to confirmation or filing an objection to the proof of claim and obtaining a court ruling thereon. To date the Trustee has noted that the following creditors have filed proofs of claims that differ from the treatment proposed in the Chapter 13 Plan: CHASE AUTO FINANCE, CHASE HOME EQUITY, COUNTRYWIDE HOME LOANS, and ECAST SETTLEMENT. The following creditors listed in the Plan have not filed proofs of claims: NONE.

D. <u>Objections to Confirmation</u>. The debtor shall resolve plan objections by submitting a proposed SOC to the Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>. If the debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to the Trustee. If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided. To date the Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: CHASE AUTO FINANCE and COUNTRYWIDE HOME LOANS.

E. <u>Chase Auto Finance Objection to Chapter 13 Plan</u>. The Trustee notes that Chase Auto Finance has filed an objection to the Debtor's Chapter 13 plan stating that the automatic stay was lifted and are seeking possession of the 07 Cadillac Escalade and is still listed as a secured creditor. The Trustee requests clarification as to the status of the vehicle.

F. <u>Chase Home Equity Proof of Claim</u>. The Trustee requests the documentation that states that this lien has been extinguished.

G. <u>Loan Modification.</u> The Trustee objects to the proposed modification of the Debtors' mortgage in the plan. 11 U.S.C., §1322(b)(2). The Trustee asks for clarification as to whether the creditor has agreed to the stated modification, and if so, asks for documentation of the agreed modification.

1.        H.      <u>Plan Feasibility</u>. Pursuant to the Trustee's calculations, the Chapter 13 Plan is not feasible at this time because it does not comply with 11 U.S.C.§1325(b)(1)(B). The Chapter 7 Liquidation results in a dividend to unsecured creditors of $15,209.44. Pursuant to the Trustee's calculations, the dividend to unsecured creditors is $ -28,062.39 this maybe due to proofs of claims that have been filed for more then the pan allows. However, the Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding if necessary, in order to address all timely filed proofs of claims once the claims bar date has passed in this case.

       I.      <u>Submission of Proposed SOC</u>. If the debtor proposes to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. The Notice, SOC, and filing receipt may then be transmitted to the Trustee via electronic mail (mail@dcktrustee.com) or first class mail. The Trustee will not review a proposed SOC if it does not appear on the court's docket.

RESPECTFULLY SUBMITTED this 13th day of May, 2009.

                           OFFICE OF THE CHAPTER 13 TRUSTEE
                           7320 N. La Cholla #154-413
                           Tucson, AZ 85741


                           By /s/ DCK 011557
                               Dianne C. Kerns, Chapter 13 Trustee

A copy of the foregoing filed was with the
United States Bankruptcy Court and
a copy together with a receipt of filing
transmitted via electronic or first class
mail this 5/13/2009 to:

| | |
|---|---|
| 1 | EUGENE A BERTRAND |
| 2 | MARJORIE BERTRAND |
|   | 6555 E CALLE CAVALIER |
| 3 | TUCSON, AZ 85715 |
|   | Debtors |
| 4 | |
| 5 | RONALD RYAN |
|   | RONALD RYAN, P.C. |
| 6 | 1413 E. HEDRICK DR |
| 7 | TUCSON, AZ 85719-2633 |
|   | Attorney for Debtors |
| 8 | |
|   | By: <u>NC</u> |