**SIGNED.**

Dated: September 03, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| EUGENE A. BERTRAND and MARJORIE BERTRAND, | ) No. 4:08-bk-16713-JMM |
| Debtors. | ) **MEMORANDUM DECISION** |

The hearing on confirmation of the Debtors' plan came before the court on August 19, 2009 (DN 46). Appearances were noted of record. After hearing, the court took the matter under advisement, and now issues its ruling.

## **BACKGROUND**

### **A. The Filing and the Cadillac**

The Debtors filed their Chapter 13 petition on November 19, 2008. A plan was filed on November 20, 2008, which was later amended on March 20, 2009 (Dkt. #46). It is the amended plan which is the matter now before the court.

Between those two dates, several legal events transpired. Among them were a stay relief motion, filed by JPMorgan Chase Bank, N.A., concerning a 2007 Cadillac Escalade (DN 19). Also occurring was a sale of unimproved real estate (DN 39).

As regards the 2007 Cadillac, this court entered a ruling on February 12, 2009 (DN 44), which found that because the vehicle was in the full-time possession of the Debtors' son, that the "insecurity" clause of the security agreement had been breached. Moreover, since the Debtors were neither making the payments, nor in physical control of the vehicle, the court found that the stay need not be maintained, as the vehicle was not necessary for the Debtors' Chapter 13 plan. The stay was lifted on the Cadillac on February 12, 2009 (DN 45).

## B. **The Amended Plan**

On March 20, 2009, the Debtors filed an amended Chapter 13 plan (DN 46), providing for a 60-month payout, to the Trustee, of

- $200 per month from 01/2009 - 04/2009
- $1,300 per month from 05/2009 - end of plan.

Under the new plan, the Cadillac was to be returned to the possession of the Debtors, who would then pay JPMorgan Chase Bank through the plan, thereby curing the "insecurity" breach of the automobile installment contract. Over the term of the plan, the Debtors intend to pay JPMorgan Chase Bank the sum of $32,073.92.

JPMorgan Chase Bank objected to the amended plan, solely on the grounds that the stay had been lifted and that the bank was frustrated by the Debtors' "swap" of vehicles, which brought the Cadillac back within the parameters of their plan provisions (DN 51). The bank opined, without evidence, that the Debtors could not perform.

Also objecting to the plan was Countrywide Home Loans, on the grounds that the Debtors underestimated the amount of the arrearage of its loan, and that it failed to include attorneys' fees (DN 52).

The Trustee filed an evaluation, noting some concerns, but did not vehemently object if those concerns were addressed by the Debtors or ruled upon by the court (DN 53).

The Debtors filed exhibits with the court, including a payment summary which showed the Debtors to be current on their monthly plan payments.

## C. <u>The Hearing</u>

At the hearing on August 19, 2009, although Trustee's counsel was present, no further comments or objections were noted by the Trustee. Thus, the court concludes that the Trustee's concerns have been resolved to her satisfaction.

Countrywide's attorney also did not appear, and since its concerns were merely over accountings, the court concludes that those issues have been resolved as well.

Although JPMorgan Chase Bank objected to the plan on the grounds that the stay relief had been granted, its counsel did state that the secured collateral had not yet been repossessed.

## **THE LAW**

A Chapter 13 plan may cure existing defaults. 11 U.S.C. § 1322(b)(3). The Debtors' plan does so. The default as to JPMorgan Chase Bank was not monetary in nature. The default complained of had only to do with who (or who was not) regularly driving and garaging the Cadillac. That problem has now been reversed. JPMorgan Chase Bank's default is cured, and the confirmation of the Debtors' plan moots out the stay relief. No default means no current ability to repossess.

The plan will be confirmed. A separate order will be entered which confirms the Debtors' plan and overrules JPMorgan Chase Bank's objection thereto.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Ronald Ryan, Attorney for Debtor

Patricia Doyle-Kossick, Attorney for JPMorgan Chase Bank, N.A.

Mark S. Bosco, Attorney for Countrywide

Dianne C. Kerns, Trustee

Office of the U.S. Trustee